# UNITED STATES DISTRICT COURT

__NORTHERN__ DISTRICT OF __ILLINOIS, EASTERN DIVISION__

UNITED STATES OF AMERICA

v.

IMRAN MALIK

FILED
JAN 1 6 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MAGISTRATE JUDGE MASON

CRIMINAL COMPLAINT

CASE NUMBER: 08CR 0035

I, Matthew R. Alcoke, being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __January 15, 2008__ in __Cook__ county, in the __Northern__ District of __Illinois__, and elsewhere, defendant IMRAN MALIK did

attempt to remove two children from the United States with intent to obstruct the lawful exercise of parental rights;

in violation of Title __18__ United States Code, Section(s) __1204__.

I further state that I am a(n) Special Agent with the Federal Bureau of Investigation and that this complaint is
                                  Official Title
based on the following facts:

See attached affidavit

Continued on the attached sheet and made a part hereof: _X_ Yes   ___No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

__January 16, 2008__                         at   __Chicago, Illinois__
Date                                               City and State

Michael T. Mason, U.S. Magistrate Judge           _____
Name & Title of Judicial Officer                  Signature of Judicial Officer

State of Illinois        )
                         )
County of Cook           )

## AFFIDAVIT

I, Matthew R. Alcoke, first being duly sworn, state the following under oath:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been employed as such for 11 years. I have been assigned to the FBI's Violent Crimes Task Force conducting investigations of bank robbery, kidnapping, extortion and other violent crimes for over 10 years. I am an "Investigative or Law Enforcement Officer" of the United States within the meaning of Section 2510(7) of Title 18, United States Code, in that I am empowered by law to conduct investigations and to make arrests for felony offenses. The information contained in this affidavit is based on my personal knowledge as well as information provided to me by other law enforcement officers.

2. The information contained in this affidavit is for the limited purpose of showing probable cause to believe that IMRAN MALIK violated Section 1204 of Title 18, United States Code, in that he did attempt to remove two children from the United States with intent to obstruct the lawful exercise of parental rights. It does not contain all the facts known to me in this case. All of the information contained in paragraphs three through eight, below, was provided to me by a person identified below as "Individual A."

3. In or about May of 1998, Child A and Child B, then approximately two years of age and one year of age, respectively, were brought to the United States from their native Pakistan by their mother (known in this affidavit as "Individual A") and their father, IMRAN MALIK. All were permanent legal residents at that time. Within a few months of arriving in the United States and settling in the Chicago, Illinois, area, the relationship between MALIK and Individual A began to deteriorate.

4. Eventually, in or about November 1998, MALIK decided to return to Pakistan. In or about November 1998, MALIK returned to Pakistan and took Child A and Child B with him. Individual A consented to MALIK's taking Child A and Child B to Pakistan at that time, with a mutually discussed understanding that she would be able to freely visit Child A and Child B in

1

Pakistan and that they would be able to travel to the United States to visit Individual A.

5. Between approximately November 1998 and approximately December 2006, however, MALIK and/or MALIK's parents denied Individual A's efforts to communicate with Child A and Child B. Child A and Child B resided with MALIK and/or MALIK's parents in Pakistan during this period of time.

6. In or about 2006, Individual A became a naturalized United States citizen. By or about December 2006, Individual A traveled to Pakistan for about four weeks to visit the children. Once in Pakistan, Individual A consulted with an attorney about filing a petition in court regarding her custody dispute with MALIK. In the meantime, Individual A met with MALIK and advised him of her intent to take legal action. MALIK asked her to cease her legal efforts in exchange for his promise to allow her more access to the children, and he agreed to let her visit with the children. Shortly thereafter, Individual A was allowed to meet with Child A and Child B at MALIK's family's residence for approximately five minutes. Individual A was not allowed any other visits with the children before she had to leave Pakistan. Individual A left the custodial legal process with the Pakistani lawyer in abeyance.

7. Upon returning to the United States, Individual A made several calls over several days and weeks to Pakistan for the purpose of talking to Child A and Child B. In every instance, she was denied access to the children. In at least one conversation with MALIK, Individual A offered to pay for the children's passage to the United States for a visit, but MALIK refused.

8. On or about December 24, 2007, Individual A received an unsolicited call advising her that Child A and Child B, then approximately 13 and 12 years of age, respectively, were with MALIK in the Chicago area. Individual A contacted a private attorney, who assisted her in filing a petition for a temporary restraining order ("TRO") in the Circuit Court of the 18th District Judicial Circuit, DuPage County, Illinois, seeking both a determination of temporary and permanent custody and/or visitation. The resulting TRO, which expires on January 19, 2008, enjoins MALIK from removing Child A and Child B from the State of Illinois. The TRO

additionally ordered MALIK to appear in the Circuit Court of the 18th District Judicial Circuit on January 22, 2008. MALIK was personally served with that order on or about January 11, 2008.

9. Individual A advised that there has been no previous custody determination by a court in the United States. Individual A stated that she had received documents that MALIK had sought and obtained a "sharia" divorce in Pakistan on or about June 7, 2001. Although the documents stated that there had been service by registered mail, Individual A informed FBI that she had first received these documents by registered mail in or about March 2007.

10. On or about January 12, 2008, the FBI learned that MALIK had a pending reservation with United Airlines for travel on January 16, 2008, with Child A and Child B, from Chicago connecting in London, England, ultimately arriving in Pakistan. Later that day, the FBI learned that, at some point on or after January 11, 2008, MALIK had changed his reservation with United Airlines for travel with Child A and Child B to January 13, 2008. Shortly thereafter, the FBI learned that MALIK changed the reservation back to the original Chicago departure on January 16, 2008.

11. After MALIK received a copy of the TRO, according to Individual A, MALIK again asked Individual A to abandon her legal process and work the custody out with him. MALIK agreed to let Individual A visit with Child A and Child B in Chicago, Illinois, on or about January 13, 2008, with his supervision. The visitation occurred, and Individual A advised MALIK that the FBI was investigating him.

12. On or about January 13, 2008, after Individual A's visit with Child A and Child B and MALIK, the FBI learned that MALIK changed the United Airlines reservation to fly, instead, from Detroit, Michigan, on January 16 to Dulles, Virginia, to England, ultimately arriving in Pakistan. Shortly after making that change, however, the reservation was changed back to the original Chicago departure on January 16. On or about January 14, 2008, the FBI learned that, earlier the same day (January 14, 2008), MALIK had purchased a ticket with Greyhound, for travel for himself and two others from Chicago to Toronto, Canada, on January

16, 2008 with a departure from Chicago at about 12:01 a.m. On or about January 15, 2008, the FBI learned that Emirates Air recorded a reservation for MALIK, Child A and Child B to travel on January 16, 2008, from Toronto, connecting through the United Arab Emirates, ultimately arriving in Pakistan.

13. On January 15, 2008, at about 11:55 p.m., MALIK was arrested in Chicago, Illinois, after he boarded a Greyhound Bus bound for Toronto, Canada with Child A and Child B. MALIK was in possession of Greyhound Bus tickets for the three of them to Toronto. He also had in his possession what appeared to be a valid United States passport and a valid Pakistani passport.

14. Based on the facts set forth above, there is probable cause to believe that MALIK has violated Title 18, United States Code, Section 1204, in that he did attempt to remove two children from the United States with intent to obstruct the lawful exercise of parental rights.

Further affiant sayeth not.

Matthew R. Alcoke
Special Agent, Federal Bureau of Investigation

Subscribed and sworn to before me this 16th day of January, 2008.

MICHAEL T. MASON
United States Magistrate Judge

4